[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Deborah Copeland, executrix, brings an action sounding in malpractice against the defendant St. Mary's Hospital based upon medical treatment it rendered to William F. Copeland subsequent to an accident at his work place, Uniroyal. St. Mary's Hospital has retained Basil S. Bocynesky, a former OSHA compliance officer who investigated the underlying industrial accident while employed by the federal government, to provide expert witness testimony. The opinions and conclusions which Mr. Bocynesky proposes to offer are based upon the investigation he performed on behalf of the federal government under OSHA.
Plaintiff Copeland and intervening plaintiff Uniroyal Chemical Company filed motions for a protective order prohibiting Mr. Bocynesky from testifying as an expert in this case. Plaintiffs argue that federal regulations specifically prohibit him from doing so and furthermore, it would violate public policy to permit him to personally profit as a result of his CT Page 1325 participation in an investigation for which he was previously renumerated by U.S. taxpayers.
The plaintiffs assert that federal regulations prohibit a former compliance officer from testifying without the explicit approval of his department head. Plaintiffs cite 29 C.F.R. § 2.20 — 2.25
in support of their argument. Nevertheless, as pointed out by counsel for St. Mary's Hospital, subpart C of part 2, general regulations (which includes the sections of the federal regulations upon which plaintiffs rely) addresses procedures to be followed when Department of Labor employees are served with subpoenas. In fact, subpart C section 2.20, Purpose, scope and definitions, begins "[t]his subpart sets forth the procedures to be followed whenever a subpoena, order or other demand of a court or other authority, in connection with a proceeding to which the U.S. Department of Labor is not a party, is issued. . . ." 29 C.F.R. § 2.20a.
"Labor Department Regulations set forth at29 C.F.R. § 2.20
— 2.25, 46 Fed. Reg. 4952 (October 6, 1981) prohibit Labor Department employees from furnishing any information in response to a subpoena without the authorization of the Deputy Solicitor of Labor." Hotel Employees — Hotel Ass'n. Pension Fund v. Timperio,622 F. Sup. 606, 607 (D.C. Fla. 11985) (emphasis added). Subpart C of part 2 is inapplicable here where Mr. Bocynesky is not participating in this matter pursuant to any subpoena, order or other demand of a court or other authority. Therefore it is not necessary to consider the applicability of Labor Department Regulations set forth at 29 C.F.R. § 2.20 — 2.25 to former Federal Government employees such as Mr. Bocynesky.
Further, plaintiff asserts that the proposed testimony is prohibited by federal regulations concerning ethics. The plaintiff directs their attention to 5 C.F.R. Chapter XVI, Part 2637 to emphasize policy considerations underlying rules and regulations concerning post employment conflict of interest and seek to apply them to the matter presently before the court.
These regulations derive their authority from 18 U.S.C. § 207. Section 2637.208 addresses the applicability of section 207 to circumstances where former government employees seek to give testimony under oath:
 2637.208 Testimony and statements under oath or subject to penalty of perjury.
 (a) Statutory basis. Section 207(h) provides:
"Nothing in this section shall prevent CT Page 1326 a former officer or employee from giving testimony under oath, or from making statements required to be made under penalty of perjury."
 (b) Applicability. A former Government employee may testify before any court, board, commission, or legislative body with respect to matters of fact within the personal knowledge of the former Government employee. This provision does not, however, allow a former Government employee, otherwise barred under 18 U.S.C. § 207 (a), (b), or (c) to testify on behalf of another as an expert witness except: (1) To the extent that the former employee may testify from personal knowledge as to occurrences which are relevant to the issues in the proceeding, including those in which the former Government employee participated, utilizing his or her expertise, or (2) in any proceeding where it is determined that another expert in the field cannot practically be obtained; that it is impracticable for the facts or opinions on the same subject to be obtained by other means, and that the former Government employee's testimony is required in the interest of justice.
5 C.F.R. § 2637.208.
The plaintiffs have presented no grounds which would require the disqualification of Mr. Bocynesky as an expert witness. Therefore, the motions for a protective order by the plaintiff and the intervening plaintiff seeking to preclude the testimony of Basil S. Bocynesky are denied. Finally, Mr. Bocynesky is ordered to appear to conclude his deposition at a time mutually convenient for the parties.
BYRNE, J.